THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **MATTHEW LESHINSKY,** <br><br> **Plaintiff,** <br><br> v. <br><br> **YOUNG WILLIAMS P.C.; EL PASO COUNTY HUMAN SERVICES; and COLORADO DIVISION OF CHILD SUPPORT,** <br><br> **Defendants.** | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:23-cv-00091-JCB <br><br><br> **Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, pro se Plaintiff Matthew Leshinsky ("Mr. Leshinsky") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Mr. Leshinsky's complaint.[2] For the reasons explained below, the court lacks jurisdiction over Mr. Leshinsky's claims and, therefore, dismisses this action without prejudice.

### BACKGROUND

Mr. Leshinsky's complaint names as defendants Young Williams P.C., El Paso County Human Services, and Colorado Division of Child Support (collectively, "Defendants").[3] Mr. Leshinsky appears to allege that Defendants miscalculated his child support obligations, which

---

[1] ECF No. 9.

[2] ECF No. 5; ECF No. 5-1.

[3] ECF No. 5 at 1-3.

resulted in financial harm to Mr. Leshinsky.[4] Mr. Leshinsky's complaint contains the following allegations in support of his claims:

- Defendants "intentionally fail[ed] to solicit information relevant for Laura Starcher to claim her case that she is entitled to a[n] order of [child] support."[5]

- "Young Williams P.C.[,] acting under a government contract[,] sought child support against [Mr. Leshinsky] . . . without ensuring [that] the party they were securing child support for was the custodial parent of the child."[6]

- Young Williams P.C. made Mr. Leshinsky's "income seem greater than it was and then used state statute to require payment of child support. [The] payment was [too] high because it did not reflect [Mr. Leshinsky's] actual income . . . ."[7]

- Mr. Leshinsky "sustained increased anxiety and loss of income that prevented [him] from caring for [himself]."[8]

Based upon these allegations, Mr. Leshinsky brings suit against Defendants under 42 U.S.C. § 1983 for allegedly violating his rights under 18 U.S.C. § 242, 18 U.S.C. § 241, 45 C.F.R. § 302.31, 45 C.F.R. § 302.56, 45 C.F.R. § 302.8, and 45 C.F.R. § 303.[9]

---

[4] ECF No. 5 at 4.

[5] ECF No. 5-1 at 6-8.

[6] ECF No. 5 at 4.

[7] *Id*.

[8] *Id*. at 5.

[9] *Id*. at 3.

## LEGAL STANDARDS

Federal courts are courts of limited subject matter jurisdiction.[10] The party invoking federal jurisdiction bears the burden of establishing such jurisdiction.[11] To do so, that party "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[12] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage of the litigation.[13] When a federal court concludes that it lacks jurisdiction over the subject matter, the court must dismiss the action.[14]

In analyzing Mr. Leshinsky's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[15] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[16] Consequently, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[17]

---

[10] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

[11] *Radil v. Sandborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[12] *U.S. ex rel. Precision Co. v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citations omitted).

[13] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

[14] *Id.*

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[16] *Bellmon*, 935 F.2d at 1110.

[17] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

ANALYSIS

The court lacks jurisdiction over this action for two reasons: (1) the *Rooker-Feldman* doctrine prevents federal courts from adjudicating claims seeking review of state court judgments; and (2) the *Younger* doctrine requires abstention when federal proceedings would interfere with an ongoing state judicial proceeding that implicates important state interests and that affords an adequate opportunity to raise the federal claims. Therefore, the court dismisses Mr. Leshinsky's claims without prejudice.

Under the *Rooker-Feldman* doctrine, this court lacks jurisdiction to grant Mr. Leshinky relief. "The *Rooker-Feldman* doctrine prevents . . . federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"[18] "Thus, in applying the *Rooker-Feldman* doctrine, [the court] focus[es] on whether the lower federal court, if it adjudicated [the] plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition."[19] Mr. Leshinsky alleges that Defendants failed to solicit and report information relevant to the state court's orders concerning Mr. Leshinsky's child support obligations. In doing so, Mr. Leshinsky is essentially asking this court to reconsider a matter decided by a Colorado state court. Thus, the *Rooker-Feldman* doctrine bars this court from exercising jurisdiction over Mr. Leshinsky's claims.

---

[18] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[19] *Merrill-Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004).

Mr. Leshinsky's complaint is unclear about whether child support proceedings are ongoing, but if that is the case, this court also lacks jurisdiction to grant Mr. Leshinsky relief under the *Younger* abstention doctrine. The *Younger* abstention doctrine applies when plaintiffs seek relief concerning ongoing (rather than resolved) proceedings.[20] It "prevents federal courts from interfering with state court proceedings by granting equitable relief when the state court is an adequate avenue for relief."[21] This doctrine applies when a state judicial proceeding: (1) is ongoing; (2) "provides an adequate forum to hear the claim raised in the federal complaint"; and (3) "involve[s] important state interests[] . . . which traditionally look to state law for their resolution or implicate[s] separately articulated state policies."[22]

Assuming that the state proceeding is ongoing, the final two *Younger* elements are met. As to the second element, a state court is the proper forum to hear the claims raised in Mr. Leshinsky's complaint because it issued the allegedly illegal orders for child support. Consequently, the state court is "in the best position to enforce, modify, or revoke" its orders.[23] Moreover, if Mr. Leshinsky believes that the state court order is unlawful, the State of Colorado has appellate courts to which the order can be appealed.

The third element is also satisfied because Mr. Leshinsky's disputes over child support implicate important state interests. It is well established that issues involving family relations are

---

[20] *Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB-GEB, 2019 WL 1915563, at *3 (D. Kan. Apr. 30, 2019).

[21] *Cline v. Utah*, No. 2:19-CV-602 TS-CMR, 2020 WL 1891923, at *3 (D. Utah Apr. 16, 2020), *aff'd*, No. 20-4086, 2021 WL 3611751 (10th Cir. Aug. 16, 2021).

[22] *Amantullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

[23] *Cline*, 2020 WL 1891923, at *3.

within the heartland of state interests.[24] Accordingly, if the state case is ongoing, then *Younger* abstention doctrine would preclude this court's consideration of Mr. Leshinsky's claims.

## ORDER

Because both the *Rooker-Feldman* and *Younger* abstention doctrines prevent this court from exercising subject matter jurisdiction over Mr. Leshinsky's claims, the court dismisses this action without prejudice. Therefore, the court HEREBY ORDERS that this action is DISMISSED WITHOUT PREJUDICE due to a lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED this 19th day of April 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[24] *See, e.g.*, *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005); *Williams v. Jewell*, 107 F.3d 881 (Table), 1997 WL 100929, at *2 (10th Cir. Mar. 7, 1997).